## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAELEA CHANCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE COMPANY, INC., a Kansas Corporation,<br><br>Defendant. | CASE NO. 21-cv-314-KEW<br><br>**CLASS-ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff, Jaelea Chance, individually and on behalf of all others similarly situated, files this Class Action Complaint against Farmers Insurance Company, Inc. ("Farmers" or "Defendant") and in support states as follows:

### NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff Jaelea Chance who was the named insured under a Farmers automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable Sales Tax and/or Vehicle Title and Registration Fees for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for Farmers' promises under its automobile policy.

3. Nevertheless, Farmers failed to include Sales Tax and/or Vehicle Title and Registration Fees in making its loss payment to Class Members in breach of its clear policy promise.

4. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Farmers' failure to pay Sales Tax and/or Vehicle Title and Registration Fees.

## PARTIES

5. At all times material hereto, Plaintiff Jaelea Chance is and was a citizen of the State of Oklahoma and domiciled in McCurtain County.

6. At all times material hereto, Defendant is and was a corporation located in the State of Kansas and authorized to transact insurance in the State of Oklahoma and conducting a substantial part of its business in McCurtain County. Defendant's principal place of business and headquarters are both located in the State of Kansas.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Oklahoma, and makes its insurance services available to residents of Oklahoma. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in substantial part within this District and because Defendant committed the same wrongful acts to other individuals within this judicial District, such that some of Defendant's acts have occurred within this District, subjecting Defendant to jurisdiction here.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because at least one member of the putative class, including Plaintiff, is a citizen of Oklahoma, and Defendant is a citizen of Kansas, thus CAFA's minimal diversity requirement is met. Additionally, Plaintiff seeks an award of damages and restitution to Plaintiff and the Class in an amount to be determined at trial, plus interest, in accordance with law, for each violation, which, when aggregated among a

proposed class of potential thousands, exceeds the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act ("CAFA").

9. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Plaintiff was injured in this District.

## FARMERS POLICY

10. The Form Policy issued by Farmers to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued to Ms. Chance (the "Policy"). The terms therein are applicable and identical to the terms applicable to Ms. Chance and all putative class members. *See* **Exhibit A.**

11. In its standardized Policy, Defendant promises to pay for "loss to your insured car caused by accidental means" or "caused by collision." *Id*. at 9 of 29.

12. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "[w]e will pay for loss in money, or repair or replace damaged or stolen property." *Id.* at 10 of 29.

13. In "Part IV" of the Insurance Policy, under a subsection entitled "Limit of Liability", Defendant states, in relevant part:

> Our limits of liability for loss shall not exceed the lowest of:
>
> 1. The actual cash value of the stolen or damaged property.
>
> 2. The amount necessary to repair or replace the property or parts with other of like kind and quality; or with new property less an adjustment for physical deterioration and/or depreciation.

Ex. A at 10, 14 of 29.

14. Actual Cash Value ("ACV") is not specifically defined in the policy.

15. Thus, the policy language does not further define ACV as including: (1) any provision excluding Sales Tax and/or Vehicle Title and Registration Fees from ACV; or (2) any provision deferring payment of Sales Tax and/or Vehicle Title and Registration Fees for any purpose whatsoever.

16. The policy language applies to all covered autos irrespective of ownership interests - whether owned, financed or leased.

## PAYMENT OF MANDATORY FEES

17. Courts throughout the country have recognized that "actual cash value," when undefined in an insurance policy, should be defined as the repair or replacement cost minus depreciation – a definition which would include fees necessarily incurred upon replacement of the insured vehicle, including Sales Tax and Vehicle Title and Registration Fees.

18. Sales Tax and Vehicle Title and Registration Fees are examples of elements constituting the full ACV owed to insureds in the event of a total loss.

19. This is consistent with Oklahoma law, which requires insurers paying ACV on totaled vehicles to either directly replace the totaled vehicle with a comparable vehicle or to provide a "cash settlement based upon the actual cost, less any deductible provided in the policy, to purchase a comparable motor vehicle, *including all applicable taxes, license fees and other fees incident to a transfer of evidence of ownership, or a comparable motor vehicle*." Okla. Stat. tit. 36, § 1250.8(A)(2) (emphasis added).

20. By operation of law and in the view of a reasonable insured, Defendant's policies promise to provide costs to be incurred upon replacement of the vehicle. Otherwise, the

Defendant's insureds, including Plaintiff, are not paid the amount sufficient to purchase a replacement vehicle.

21. Nevertheless, Defendant failed to include Sales Tax and/or Vehicle Title and Registration Fees in making ACV payments to total loss insureds, thereby breaching its contracts with insureds.

## PLAINTIFF JAELEA CHANCE'S ACCIDENT

22. At all times material hereto, Plaintiff insured a 2002 Honda Civic under the Policy issued by Farmers.

23. On or about March 4, 2017, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with Farmers.

24. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value and an adjusted vehicle value of $1,369.00. Exh. B (Valuation Report).

25. Farmers calculates the base and adjusted value through a third-party vendor ("CCC"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, CCC identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc*. *See* Exh. B.

26. No amount for the Vehicle Title and Registration Fees was included in the amount listed in the CCC Market Valuation Report. *See Id*.

27. Notably, the CCC Market Valuation Report stated that, "The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account." *See Id*.

28. Farmers paid only the adjusted vehicle value of $1,369.00 minus the deductible of $500.00 for a total payment of $869.00. Exh. C (Settlement Letter). By failing to include sales tax in making payment for the loss, Farmers breached its contract with Plaintiff.

29. The failure to include Sales Tax and/or Vehicle Title and Registration Fees in making the total loss payment to Plaintiff is a breach of the Insurance Policy, which promises to provide the full value of the total loss vehicle, including these mandatory replacement amounts.

30. Sales Tax and Vehicle Title and Registration Fees are all mandatory applicable fees that must be paid to purchase any vehicle in the State of Oklahoma.

31. Oklahoma law requires that all vehicles be properly titled and registered to be legally driven on Oklahoma roadways. The fee to transfer title to a vehicle is, at minimum, $17.00, plus a $10 notice of transfer filing fee.

32. Oklahoma law requires that all vehicles be subject to a Vehicular Sales Tax of 1.25%, in addition to Sales Tax imposed by the County and the State.

33. In breach of its contracts with Plaintiff, Defendant did not include Sales Tax and/or Vehicle Title and Registration Fees in making the ACV payment for Plaintiff's total loss.

34. Defendant, pursuant to its standard and uniform business practice, never pays insureds Sales Tax or Vehicle Title and Registration Fees after a total loss to an insured vehicle to insureds similarly situated to Plaintiff.

35. Defendant's failure to pay Sales Tax and/or Vehicle Title and Registration Fees constitutes a breach of the Insurance Policy.

36. In doing so, Defendant underpaid Plaintiff in the amount of the mandatory costs inherent to securing a replacement vehicle, thereby violating the Insurance Policy.

37. Similarly, Defendant failed to pay Sales Tax and/or Vehicle Title and Registration

Fees to all members of the Class, defined below, and thus breached its contract with all such Class Members.

38. Plaintiff and all members of the putative class paid all premiums owed and otherwise satisfied all conditions precedent, or such conditions precedent were waived or excused

## CLASS ALLEGATIONS

39. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action as representative of the Class defined as follows:

> All insureds, under any Oklahoma policy issued by Farmers Insurance Company, Inc. and its subsidiaries with the same operative policy language covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the applicable statute of limitations period until the date of class certification, who were not paid Sales Tax and/or Vehicle Title and Registration Fees.

40. Excluded from the Class are Defendant and its affiliates, parents, and subsidiaries, officers and employees, governmental entities, the judge to whom this case is assigned, and the judge's court staff and immediate family.

41. **Numerosity**: Although the precise number of Class Members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of Oklahoma and wrote hundreds of millions of dollars of private-passenger physical damage coverage premiums during the relevant time period, the Class of persons affected by Defendant's unlawful practice consists of thousands of individuals or the Class of persons affected are otherwise so numerous that joinder of all Class Members is impractical, and likely numbers in the tens of thousands. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant

pursuant to standardized insurance policy language, and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the Class Members. Thus, numerosity within the meaning of Fed. R. Civ. P. 23(a)(1) is established.

42. **Commonality**: The following common questions of law and fact exist, which are susceptible to common answers:

   a. whether Defendant's contractual agreement to pay Sales Tax and/or Vehicle Title and Registration Fees in the event of total loss obligated it to pay Sales Tax and/or Vehicle Title and Registration Fees to Plaintiff and the other Class Members;

   b. whether Defendant has breached its insurance contracts with Plaintiff and the Class Members by failing to include Sales Tax and/or Vehicle Title and Registration Fees as part of the payment of loss.

43. **Typicality**: Plaintiff's claims and defenses are typical of the Class members' claims. Defendant injured Plaintiff and Class Members through uniform misconduct and Plaintiff's legal claims arise from the same core practices—namely, whether Sales Tax and/or Vehicle Title and Registration Fees should be paid as part of a payment of loss under the Policy. Plaintiff's and Class Members' claims are based upon the same legal theories. Plaintiff suffered the same harm as all Class Members: unpaid Sales Tax and/or Vehicle Title and Registration Fees, due under their Policies.

44. **Adequacy**: Plaintiff is an adequate Class Representative because her interests do not conflict with Class Members' interests, and she will fairly and adequately protect these interests. Plaintiff's counsel are experienced in litigating consumer class actions and complex litigation and have specific experience successfully litigating similar disputes as Class counsel.

45. **Predominance**: The issues common to the Class Members predominate over individual issues (if any) within the meaning of Fed. R. Civ. P. 23(b)(3). The common issues articulated herein are not only the central issues to this litigation, they are virtually the only issues relevant to this litigation. Quite frankly, there are no relevant individual questions important to this litigation.

46. **Superiority**: Moreover, Class treatment is superior to any other treatment within the meaning of Fed. R. Civ. P. 23(b)(3). Class treatment provides for a fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate consistent adjudication. Furthermore, because the damages suffered by individual Class Members is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class Members to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

47. The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the Class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

48. The relevant Policy provisions for each Class Member are the same. The relevant law relating to the interpretation and application of those Policy provisions for each Class Member is the same. There is the potential for inconsistent or varying adjudications concerning individual Class Members. Allowing the issues to be adjudicated in a piecemeal fashion likely would result in certain Class Members who are not parties to individual adjudications having their rights impaired or impeded without notice or adequate representation.

49. Defendant's breach of Policy provisions requiring them to pay Sales Tax and/or Vehicle Title and Registration Fees on total-loss claims is a continuing breach and violation of Policy terms.

### COUNT I: BREACH OF CONTRACT

50. Paragraphs 1 through 49 are hereby incorporated by reference.

51. This count is brought by Plaintiff Jaelea Chance individually and on behalf of the Class Members.

52. Plaintiff was party to an insurance contract with Farmers as set forth herein. All Class Members were parties to an insurance contract with Farmers containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

53. Plaintiff and all Class Members made a claim determined by Farmers to be a first-party loss under the insurance policy and determined by Farmers to be a covered claim.

54. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, the Plaintiff and every Class member were owed the ACV of the vehicle.

55. Defendant breached that obligation by failing to include Sales Tax and/or Vehicle Title and Registration Fees in the ACV payment, thereby failing to pay the vehicle's ACV to Plaintiff and every Class member.

56. As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the sums representing the benefits owed for full ACV payment, including Sales Tax and/or Vehicle Title and Registration Fees, as well as prejudgment and post-judgment interest, and other relief as is appropriate.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Jaelea Chance, individually and on behalf of the Class Members, demands a trial by jury on all triable issues and seeks relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above and appointing Plaintiff's counsel as Class Counsel;

- For an award of compensatory damages for the Class in amounts owed under the Policies;

- For all other damages according to proof;

- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: October 12, 2021

                                          Respectfully submitted,

/s/ *Andrew J. Shamis*
Andrew J. Shamis
FBN: 101754
**SHAMIS & GENTILE**
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL, 33132
305.479.2299

**DAPEER LAW, P.A.**
Rachel Dapeer*

11

FBN: 108039
rachel@dapeer.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-610-5223

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.*
FBN: 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

*Counsel for Plaintiff*
*\*pro hac vice to be filed*